UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>ONTOS, INC.,<br><br>Debtor. | Case No's. 05-11708<br>05-11710 |

# Appellants' Reply Brief

**APPEAL OF ORDERS DENYING THE RELIEF REQUESTED IN MORLEY AND MCCOY OBJECTION TO THE MOTION BY THE TRUSTEE FOR APPROVAL OF STIPULATION; DENYING THE RELIEF REQUESTED IN MORLEY AND MCCOY MOTION TO PROCEED AND APPROVING THE MOTION BY THE TRUSTEE FOR APPROVAL OF STIPULATION BY AND BETWEEN THE TRUSTEE AND VENNWORKS, LLC., AMPHION VENTURES, FIRESTAR SOFTWARE, INC., ROBERT J. BERTOLDI, RICHARD C.E. MORGAN AND KENNETH LORD**

**Bankruptcy Case**
**United States Bankruptcy Court**
**District of Massachusetts**
**Chapter 7**
**Case No. 04-10157**

**Massachusetts State Court Case**
**Massachusetts Superior Court**
**Essex County**
**Case No. 02-1161-B**

# Table of Contents

**I. BASIS OF APPELLATE JURISDICTION ..... 4**

**II. STATEMENT OF ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW ..... 4**

A. STATEMENT OF ISSUES PRESENTED ..... 4
B. APPLICABLE STANDARD OF APPELLATE REVIEW ..... 6

**III. STATEMENT OF THE CASE ..... 7**

A. NATURE OF THE CASE ..... 7
B. COURSE OF THE PROCEEDINGS ..... 7

**IV. ARGUMENT ..... 8**

A. THE TRUSTEE'S MOTION AS GRANTED BY THE BANKRUPTCY COURT ATTEMPTS, BY REFERENCE, TO COMPROMISE CREDITORS' CAUSES OF ACTION ..... 8
*1) Bankruptcy Court Jurisdiction ..... 8*
*2) Non-Debtor Releases ..... 9*
*3) General Creditor Causes of Action ..... 9*
B SPECIFIC CREDITOR CAUSES OF ACTION ..... 10
*1. The trustee may not compromise a Creditor Cause of Action for Fraudulent Conveyance arising under M.GL. 109A ..... 11*
*2. The trustee cannot compromise a Creditor Cause of Action for Alter Ego which is governed by Massachusetts law. ..... 13*
*3. The trustee cannot compromise a Creditor Cause of Action for Breach of Fiduciary Duty to the Creditors ..... 14*
*4. The trustee cannot compromise a Creditor Cause of Action for Successor Liability. ..... 16*
*5. The trustee cannot compromise a Creditor Cause of Action for Fraud and Deceit. ..... 16*
*6. Creditor Causes of Action are themselves not Property of the Estate. ..... 16*

**V. COSTS ..... 16**

## Cases

Brandt v. Hicks Muse & Co. (In re Healthco Int'l, Inc.), 208 B.R. 288 (Bankr. D. Mass 1997) ................. 15
Caplin v. Marine Midland Grace Trust co. of New York, 406 U.S. 416 (1972) ....................................10, 14
Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.), 280 F.3d 648, 657-58 (6th Cir. 2002)........................................................................................................................... 5
Cont'l Airlines, 203 F.3d 212-13 .......................................................................................................... 9
In re Bridge Information Systems, Inc. 325 B.R. 824, (Bankr. E.D. Mo 2005) .......................................8, 11
Nat'l Tax credit Partners, L.P. v. Havlik, 20 F.3d 705 (7th cir. 1994) ......................................................... 11
Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.) 226 F3d 237, 242 (3d Cir. 2000..........................................................................................................11, 12
Phar –Mor, Inc. v. Coopers & Lybrand, 22 F.3d 705 (7th Cir. 1994) .......................................................... 13
Ranalli v. Ferrari (In Re Unifi Comm.., Inc. ), 317 B.R. 13 (D. Mass.2004) .............................................. 14
Regan v. Vinick and Young (In re Rare Coin Galleries of Am. Inc.) 862 F.2d 896 (1st Cir. 1988), 1988 U.S. App. LEXIS 16096, Bankr. L. Rep. (CCH) P 72, 501 ....................................................................... 9
Slattery v. Bower, 924 F.2d 6,9 (1st cir. 1991) ............................................................................................. 15
St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688 (2d Cir.1989) ........................................... 10

# I. Basis of Appellate Jurisdiction

Appelees concur, (Page 1 of their Brief) that this Court has jurisdiction to hear the appeal.

# II. Statement of Issues presented and the Applicable Standard of Appellate Review

## A. Statement of Issues Presented

**Bankruptcy Court Jurisdiction**-Whether the Bankruptcy Court has jurisdiction to issue an order which effectively adjudicates pre-existing state court "related to" cases and Creditor Causes of Action against solvent third party non-debtors which do not meet the "arising under title 11" or "arise in" criteria.

Whether, *assuming aguendo*, that the Bankruptcy Court gained jurisdiction, that it should have remanded the case to the State Court and/or abstained.

**Non-Debtor Releases**-Whether this court will follow a) the line of cases in the 9th and 10th Circuits which state that a release of a creditors claim of a non-debtor may not be approved by the Bankruptcy Court, except in asbestos cases (Appellants Brief Page 18 ) or b) the line of cases which allow releases of non-debtors in highly restrictive circumstances, none of which are here present, (Appellants Brief Pages 18-20 ) ("The courts uphold such extensions only in rare and exceptional circumstances" ) (Appellees Brief Page 11 Footnote 7) or c) find for the Appellees even though "No case has tolerated non-debtor releases absent the finding of circumstances that may be characterized as unique" *See* Class Five Nev. Claimants v. Dow Corning Corp. (In re

Dow Corning Corp.), 280 F.3d 648, 657-58 (6th Cir. 2002) at 658; *accord* Cont'l Airlines, 203 F.3d 212-13

**General Creditor Causes of Action-**Whether this court will follow the cases in the 1st, 2nd (later case), 7th (later case) 8th, 9th and 11th Circuits and the Supreme Court which find that the Trustee in bankruptcy never has an interest in Creditor Cause of Action that belong solely to the creditors, or whether this court will follow the line of cases in the 2nd (earlier case),3rd,4th, and 7th (earlier case), 10th and Circuits which ascribe a right to the trustee to pursue and compromise creditor claims which are general in nature.

**Fraudulent Conveyance-**That the Bankruptcy Court may not approve a Trustee compromise of a cause of action for Fraudulent Conveyance arising under M.G. L. 109A which may only be brought by a creditor under Massachusetts law, and which is distinct and separate from the Trustee's Power under 11 U.S.C. 544 b, and which cause of action is itself not property of the estate.

**Alter Ego-**That the Bankruptcy court may not approve a Trustee compromise for a cause of action for Alter Ego against non-debtor third parties which, according to Massachusetts case law, have only been brought by creditors and which cause of action is itself not property of the estate.

**Breach of Fiduciary Duty to the Creditors-** That the Bankruptcy Court may not approve a Trustee compromise of a cause of action against non-debtor third parties for Breach of Fiduciary Duty to the Creditors arising Delaware law, the state of incorporation, as directed by the Massachusetts choice of law rules, and which cause of action is itself not property of the estate.

**Successor Liability** That the Bankruptcy court may not approve a Trustee compromise for a cause of action for Successor Liability against non-debtor third parties which, according to Massachusetts case law, is the right of creditors and which cause of action itself is property of the estate.

**Fraud and Deceit** That the Bankruptcy Court may not approve a Trustee compromise of a cause of action against non-debtor third parties for Fraud and Deceit upon the Creditors arising under, and governed by Massachusetts law and which cause of action itself is not property of the estate.

**Creditor Causes of Action** That Creditor Causes of Action against non-debtor third parties are themselves not property of the estate. And, that such causes of action, while they may be stayed under either §362 or §105 of the Bankruptcy Code, absent consent by the parties, may not be adjudicated by the Bankruptcy Court.

**B. Applicable Standard of Appellate Review**

The Appellees concur that "rulings of law are reviewed *de novo,* while findings of fact are accepted unless clearly erroneous" Page 2 of Appellees Brief.

However the Appellees citation to the Bankruptcy Court's exercise of its sound discretion is an attempt to misdirect this Court from the fundamental issues of law that the Bankruptcy Court can only exercise its sound discretion if it 1).has jurisdiction, and 2.) has been granted by Congress the power to do (issue non-debtor releases in non-unique circumstances and/or adjudicate general creditor causes of action, and/or adjudicate creditor causes of action) what it seeks to do.

## III. Statement of the Case

### A. Nature of the Case

The Appellees statement of the case coincides with the Appellants' except in three respects.

1) The Appellants' have not changed their position that the proposed compromise would be unreasonable for the Debtor. While the Appellants argued to the Bankruptcy Court that the compromise was unreasonable in respect to the Debtor, the Appellants also acknowledge Bankruptcy Court may exercise it sound discretion in respect to a compromise which affects the rights of the Debtor.

2) The Appelees on page 4 of their Brief make the cavalier and, without citation, statement, that "it is well settled that the fraudulent transfer and breach of fiduciary duties claims are property of the estate."

3) The additional conclusory, and without citation, statements on Page 4 of the Appellees' Brief

### B. Course of the Proceedings

The Appellants "Course of the Proceedings" and the Appelees "Statement of the Facts" appear to correlate.

### C. Disposition in the Court Below

While the Appelees in their Brief do not have a section entitled "Disposition in the Court Below", their description of the prior disposition contained in their section entitled "Statement of Facts", appears to correlate in all material respects with that of the Appellants'.

## IV. Argument

**A. The Trustee's Motion as granted by the Bankruptcy Court attempts, by reference, to compromise Creditors' Causes of Action**

### 1) Bankruptcy Court Jurisdiction

Contrary to the Appellees statements in their Brief, the Appellants, as stated in their Brief, contest the Bankruptcy Court's jurisdiction to adjudicate "related to" cases where all parties have not consented to the Bankruptcy Court's jurisdiction.

Further the filing of a Proof of Claim <u>against the Debtor</u> would not constitute the affirmative consent required from all parties for the Bankruptcy Court to adjudicate "related to" cases against non-debtor third parties that have already been filed, may be subject to amendment for additional claims, and have been the subject of significant discovery in a state court.

The Appellees cite, <u>In re Bridge Information Systems, Inc</u>. 325 B.R. 824, (Bankr. E.D. Mo 2005) ("Bridge") on Page 11 of their Brief "...when holding that trustee had exclusive standing to compromise fraud and veil piecing claims)". They neglect to inform this Court of the thoughtful and erudite analysis by the court in Bridge of the underlying Missouri law and its analysis of whose claims these were under Missouri law. This is the exact type of state law legal analysis that was not undertaken by the Bankruptcy Court below and which is required to determine and delineate Debtor Causes of Action, Trustee Powers, Property of the Estate, and Creditor Causes of Action.

## 2) Non-Debtor Releases

Rather than use the bankruptcy filing for the benefit of the Debtor, the Appellees, who, except for the Trustee are solvent non-debtor third parties, have made an attempt to draw the cloak of the Bankruptcy Code over themselves. There is not enough fabric. The Appellees attempt to dismiss the issue of non-debtor releases with a footnote. They fail. We refer the Court to the extensive case law cited in the Appellants' Brief Pages 18-20 and simply repeat the ending sentence of the section.

But this is not a matter of factors and prongs. **No case has tolerated nondebtor releases absent the finding of circumstances that may be characterized as unique.** *See* Dow Corning, at 658*; accord* Cont'l Airlines, 203 F.3d 212-13

## 3) General Creditor Causes of Action

The Appellees do not meet his issue in their Briefs. However, the issue is whether this court will follow the cases in the 1st, 2nd (later case), 7th (later case) 8th, 9th and 11th Circuits and the Supreme Court which find that the Trustee in bankruptcy never has an interest in Creditor Cause of Action that belong solely to the creditors, Appellants' Brief Pages 21-22, or whether this court will follow the line of cases in the 2nd (earlier case),3rd,4th, and 7th (earlier case) Circuits which ascribe a right to the trustee to pursue and compromise creditor claims which are general in nature. Appellees Brief Pages 1,12,13,18,21 through, 25, 28, and 29.

In the First Circuit the leading case is Regan v. Vinick and Young (In re Rare Coin Galleries of Am. Inc.) 862 F.2d 896 (1st Cir. 1988), 1988 U.S. App. LEXIS 16096, Bankr. L. Rep. (CCH) P 72, 501 ("The trustee has no power to assert any claim on behalf

of the creditors when the cause of action belongs solely to them.") at 900. Further, the Appellees mislead the Court when they state on Page 29 of their Brief that in Caplin v. Marine Midland Grace Trust co. of New York, 406 U.S. 416 (1972) ("Caplin"), "The court found that the claim was in the nature of a personal creditor action, unique to the bond holders of that particular issue. There is no such finding in Caplin. None.

Rather the Supreme Court in Caplin states at 435, ("For the reasons discussed above we conclude that petitioner does not have standing to sue an indenture trustee on behalf of debenture holders. This does not mean that it would be unwise to confer such standing on trustees in reorganization. It simply signifies that Congress has not yet indicated even a scintilla of an intention to do so, and that such a policy decision must be left to Congress and not to the judiciary")

**B Specific Creditor Causes of Action**

The question of how to analyze who may bring a cause of action outside of bankruptcy is well settled ("We agree with those courts that have held that the determination of whether a claim may be brought by a creditor of a bankrupt corporation outside of the bankruptcy proceedings depends on an analysis of state law. St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688 (2d Cir.1989)

## 1. The trustee may not compromise a Creditor Cause of Action for Fraudulent Conveyance arising under M.GL. 109A

The Appellees hang their hat on Bridge *supra*. They neglect to point out that the causes of action in Bridge were state a common law claims, nominally averred by a creditor, and the court took the view that these claims were tantamount to a fraudulent conveyance claim. The court in Bridge did not appear to examine the state law on fraudulent conveyance in respect to which party could bring this type of action. While in Massachusetts and in New Jersey (see discussion of "Cybergenics" below) a creditors claim for fraudulent conveyance is a legislatively enacted right that may only be asserted by a creditor. The Massachusetts creditor-only right may under §362 be stayed by the bankruptcy court, used as a test by the Trustee to allow his power under §544 (b) to arise, made moot by the full recovery of the assets by the trustee pursuant to §544 (b), but is never transferred to the Trustee.

Similarly their citation to Nat'l Tax credit Partners, L.P. v. Havlik, 20 F.3d 705 (7th cir. 1994) is incorrect as the case had to do with what types of creditor actions could be the subject of a §362 stay. It only confirms that a state fraudulent conveyance action may be the subject of a §362 stay.

The Appellees attempt to misconstrue Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.) 226 F3d 237, 242 (3d Cir. 2000. ("Cybergenics"). Cybergenics as debtor-in possession and empowered with all of the powers of the trustee sold "assets". The court found 1) That the trustee's power under §544 was not sold along with the "assets". at 245 (We do not necessarily agree with their assessment of these cases, but we need not reach this issue because the 1996 transaction

was not an assignment of avoidance powers (or even an authorization of the right to exercise the avoidance powers), but rather, it was a sale of Cybergenics' "assets.") and 2) the creditors fraudulent transfer claims were not "assets" of Cybergenics . at 242 (There would be no appeal before us were it not for the fact that the Bankruptcy Code empowers trustees as well as chapter 11 debtors in possession to avoid transfers as fraudulent using causes of action that state law provides to creditors. Does this mean that the chapter 11 debtor in possession actually acquires its creditors' fraudulent transfer claims against third parties as a result of filing for bankruptcy? As explained below, the answer is clearly "no.").

The Creditors Committee in Cybergenics was attempting to exercise the Trustee's Power which the court clearly found were not "assets" of Cybergenics. The court also found that the creditors' claims were not "assets" of Cybergenics. at 245 (Based on the foregoing analysis, we reach the inescapable conclusion that the fraudulent transfer claims, which state law provided to Cybergenics' creditors, were never assets of Cybergenics, and this conclusion is not altered by the fact that a debtor in possession is empowered to pursue those fraudulent transfer claims for the benefit of all creditors.) And further indicated that if the creditors' fraudulent conveyance actions were not assets of the debtor on the day of filing the bankruptcy petition, they could not be property of the estate. at 247 (Even if we agreed that an analysis of property of the estate was necessary to resolve this dispute, our outcome would not change due to the cause of action at issue here. Subject to a few specifically enumerated exceptions, the bankruptcy estate contains only the interests of the debtor in property as of the time of the bankruptcy filing, "no more, no less.").

**2. The trustee cannot compromise a Creditor Cause of Action for Alter Ego which is governed by Massachusetts law.**

The Appellees have *failed to cite any Massachusetts case law* that would allow the debtor to pursue an Alter Ego claim.

The Appellees position that the trustee may bring General Creditor Causes of Action is addressed in section IV 3 above. Additionally the Appellees quote from Phar – Mor, Inc. v. Coopers & Lybrand, 22 F.3d 705 (7th Cir. 1994) (It may seem strange to allow a corporation to pierce its own veil,") has been substantially truncated so as to be misleading. The full quote is

> 20 It may seem strange to allow a corporation to pierce its own veil, since it cannot claim to be either a creditor that was deceived or defrauded by the corporate fiction, or an involuntary tort creditor. In some states, however, piercing the corporate veil and alter ego actions are allowed to prevent unjust or inequitable results; they are not based solely on a policy of protecting creditors. See, e.g., Bucyrus-Erie Co. v. General Prod. Corp., 643 F.2d 413, 419 (6th Cir.1981)

The Appellees would have the court believe that the trustee gains some exclusive power under §544 (a) as a creditor. Section 544 (a) is reproduced in full below:

> "§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers
> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

Contrary to the Appellees position there are no words of permanent exclusivity in §544 (a). Similar to the issue of fraudulent conveyance under 544 (b), the power of a trustee under §544 (a) is distinct from the creditors causes of action on which the power is based. The Trustees temporary period of exclusivity is enacted and time-bound by the §362 automatic stay and the closing of the bankruptcy case.

Further the Appellees attempt to misconstrue Caplin. Although the debenture holders in Caplin were a subset of all the creditors, Caplin does not rely on that fact as part of its holding ("The Trustee, however, has no power to assert any claim on behalf of the creditors when the cause of action belongs solely to them.").

Alter Ego in Massachusetts arises under common law and in all reported Massachusetts cases examined by the Appellants involve creditors as the plaintiffs. The Appellees have *failed to cite any Massachusetts case law* that would allow the debtor to have a cause of action for Alter Ego claim.

### 3. The trustee cannot compromise a Creditor Cause of Action for Breach of Fiduciary Duty to the Creditors

The Massachusetts/Delaware cases cited by the Appellees confirm the position of the Appellants. In one of the Massachusetts cases, Ranalli v. Ferrari (In Re Unifi Comm.., Inc. ), 317 B.R. 13 (D. Mass.2004) ("Ranalli"), they cite gives an excellent explanation of the difference between Breach of Fiduciary Duty to the Company and Shareholders, and the separate cause of action for Breach of Duty to the Creditors.

Additionally, the court in Ranalli at 18 gives additional examples of how the cause of action for Breach of Duty to the Creditors could be assigned to the Trustee by the creditors. No such assignment has taken place in this case. Further the appellants have earlier objected to the settlement of Breach of Fiduciary causes of action as they affect the Appellants.

The other Massachusetts case cited by the Appellees, Brandt v. Hicks Muse & Co. (In re Healthco Int'l, Inc.), 208 B.R. 288 (Bankr. D. Mass 1997), ("Healthco") confirms at 300 (It is of course true a trustee in bankruptcy is unable to enforce a claim belonging to the creditor") that the trustee is without standing to enforce claim belonging to a creditor. Further, footnote 18 at 300 states ("The fiduciary duties of a corporation's directors are governed by the law of the state of incorporation. The parties agree on this. Slattery v. Bower, 924 F.2d 6,9 (1st cir. 1991).(under Massachusetts law, any question pertaining to the duty owed by a director of a corporation is governed by the law of the state of incorporation"). The bankruptcy court in Healthco also confirmed the basis for a cause of action by the creditors for Breach of Duty to the Creditors of a Delaware corporation at 202("And it has been ruled the directors of an insolvent Delaware corporation breach their fiduciary duty to the creditors, even in the absence of formal insolvency proceedings, when they authorize fraudulent conveyances which cause the corporation to be insolvent in fact").

### 4. The trustee cannot compromise a Creditor Cause of Action for Successor Liability.

In an effort to have the law be what they wish it to be instead of what it is, the Appellees in their Brief avoid citing any Massachusetts law. (except by way of explaining the general rule of non-liability for corporate successors.)

### 5. The trustee cannot compromise a Creditor Cause of Action for Fraud and Deceit.

The Appellees have not briefed this issue

### 6. Creditor Causes of Action are themselves not Property of the Estate.

The Appellees have not briefed this issue

## V. Costs

Costs under Bankruptcy Rule 8014 should be assessed based on the Court's findings in this Appeal. Costs under Bankruptcy Rule 8020 would be inappropriate given the extensive case law support from respected courts for the issues raised by the Appellants.

Dated: October 31, 2005
Dedham, MA

Respectfully Submitted,

/s/ T. Mark Morley

T. Mark Morley,
(BBO#355320)
30 Deerpath Road
Dedham, Massachusetts 02026
Attorney for Appellants
T. MARK MORLEY and
THOMAS J. MCCOY